STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-68
DHM- KEN - 8/23/2000

NEW ENGLAND ASSOCIATION OF
THE AMATEUR ATHLETIC UNION,
INC.,

Petitioner

v.

DECISION AND ORDER

STATE OF MAINE, DEPARTMENT
OF PUBLIC SAFETY,

Respondent

This matter is before the court in accordance with M.R. Civ. P. 80C, a petition for review of final agency action. In July of 1999, the petitioner applied to the Department of Public Safety for licenses to operate games of chance for the period of August through December, 1999. Respondent refused to issue the licenses on the grounds that the New England Association of the Amateur Athletic Union is not a Maine organization and that a license to organize beano and games of chance is issued only to organizations established in Maine. Petitioner now seeks judicial review and asks the court to order the State of Maine Department of Public Safety to afford the petitioner opportunity for hearing, to issue an order reversing the determination of the Bureau denying the licenses, and other relief. Shortly after the filing of the petition, the petitioner moved to take additional evidence seeking to provide proof of the establishment of the organization in Maine. A stipulated order on motion for taking of additional evidence was executed by the parties and approved by the court in December of 1999. As a result of the additional evidence,

the court issued its order of remand, stay, and order specifying future course of proceedings. Its purpose was to allow the Department of Public Safety to consider additional evidence submitted by the petitioner. Thereafter, briefs were filed.

Under date of July 21, 2000, our Law Court decided *Munjoy Sporting & Athletic Club v. Malcolm Dow*, reported at 2000 ME 141. As a result, this court issued its decision and order on July 31, 2000, vacating the respondent's final agency action and remanding the matter to the Maine State Police for further proceedings consistent with the Law Court decision. This remand was based upon a determination by this court that the standard established in *Munjoy* that any factual and legal determination must be decided by the respondent after hearing clearly applied to the statutory requirement whether an organization is an eligible applicant in the instant case. Shortly after the issuance of its order, the petitioner and respondent agreed that there is sufficient evidence in the record before the court to allow it to decide whether the petitioner was "founded, chartered or organized" in the State of Maine pursuant to 17 M.R.S.A. § 314 & 332 and petitioner waived its right to a hearing. Consequently, the court rescinded its order of remand and proceeds to consideration of the evidence on the record for determination.

It is unlawful in the State of Maine to conduct "beano" or "bingo" unless a license for same is first obtained from the Chief of the State Police. 17 M.R.S.A. § 312. Likewise, it is unlawful to operate any other game of chance within the State

2

unless a license is obtained from the Chief of the State Police. 17 M.R.S.A. § 331.

Under the provisions of 17 M.R.S.A. § 314,[1]

> The Chief of the State Police may issue licenses to operate beano or bingo games to any volunteer fire department or any agricultural fair association or bona fide nonprofit charitable, educational, political, civic, recreational, fraternal, patriotic, religious or veterans' organizations that was in existence and founded, chartered or organized in the State at least 2 years prior to its application for license, when sponsored, operated and conducted for the exclusive benefit of that organization by duly authorized members.

Likewise, 17 M.R.S.A. § 332 provides:

> Notwithstanding other provisions of law, the Chief of the State Police may issue a license to operate a game of chance to an agricultural society eligible for the state stipend under Title 7, section 62, or to a bona fide nonprofit charitable, educational, civic, recreational, fraternal, patriotic or religious organization, or to a volunteer fire department or to an auxiliary of any of these organizations, any of which must be founded, chartered or organized in the State before applying for a license.

In both statutory provisions, the threshold requirement is that the applying organization must have been "founded, chartered or organized in this State."

There does not appear to be any factual dispute in this matter as to the organizational status of the petitioner. The Amateur Athletic Union of the United States, Inc. is a national organization with national headquarters at the Walt Disney World Resort in Lake Buena Vista, Florida. The organization of the Amateur Athletic Union dates back to 1888. The New England Association of the Amateur Athletic Union ("NEAAU") is affiliated with the Amateur Athletic Union and was

---

[1] Apparently the words "and founded, chartered or organized in the State" were added by chapter 63, section 1 of the Public Laws of 1999. The enactment does not appear to be an issue in this matter.

organized in 1890. Local clubs in Maine have been formed through the NEAAU. Such examples are the Maine Amateur Basketball Club, Maine Hoops, and Maine Northstars Basketball Club. These organizations are permanent in character and are currently active in Maine. Individual clubs apply for membership directly to the NEAAU. Individual members within the Maine-based clubs also apply directly to the NEAAU to be approved as members.[2]

The application for license to operate beano/bingo and application for license to operate games of chance submitted on July 22, 1999, both contain the information that the business address is "c/o Dwight A. Fifield, 257 Deering Avenue, Portland, Maine 04103, telephone number 207-773-0275."[3] It names Michael Sweeney and assigns as persons responsible for operation of the beano/bingo or games of chance and indicates the officers are Michael Sweeney, President, P.O. Box 398, Epping, New Hampshire 03042, Mike Morrisey, Vice President, 2 Juniper Lane, Natick, Massachusetts, and Ed Burke of 834 Dix Street, Manchester, New Hampshire, Leo Hill, 25 Tarrantine Drive, Brunswick, Maine. Also part of the record are applications for January through June of 1998 indicating a business address of the

---

[2] It must be noted that in respondent's letter of August 5, 1999, to petitioner, the second paragraph is as follows:

> Local clubs chartered under AAU-USA may apply for licenses on an individual basis and provided they meet the necessary criteria, may be eligible to be licensed to conduct Beano and Games of Chance. The local clubs may also be exempt from the requisite two year existence clause in 17 M.R.S.A. § 314 provided that the local clubs have a charter from the national organization.

[3] The court notes that Dwight A. Fifield is a member of Maine Bar and counsel of record in this instant proceeding.

4

New England Association of the AAU-USA as P.O. Box 398, Corner of Route 125 and Route 101, Epping, New Hampshire, with the same mailing address. It lists its date of founding as 1896 and place of founding as Boston, Massachusetts. The address of the president was Epping, New Hampshire, address of the treasurer was Brunswick, Maine, address of the secretary was South Natick, Massachusetts, and address of the director as Dover, New Hampshire. The record also reveals a letter of December 20, 1997, from the president of NEAAU providing a partial list of 1997 members and providing information as to the disposition of proceeds in the event a Maine chapter should disband or dissolve on NEAAU letterhead showing address of Route 125 and Route 101, P.O. Box 398, Epping, New Hampshire 03042, with New Hampshire telephone numbers. A letter from the Internal Revenue Service dated July 27, 1990, providing tax exemption information is addressed to the NEAAU at P.O. Box 398, Epping, New Hampshire. Finally, in the original record, there appears a letter to the president of NEAAU from the Department of Public Safety, Maine State Police, dated January 5, 1998, which denies the licenses as requested on the basis that the petitioner is not a Maine organization established in Maine and, further, that the local clubs may apply.

The supplemental record contains the application form for membership in the NEAAU, representative Maine club membership applications, and adult and youth membership lists. It also contains the 1999 NEAAU code book.

Petitioner, in its brief, argues that any NEAAU clubs in the State of Maine have a charter from the AAU, which is a national organization. The NEAAU has

5

chartered clubs in Maine and is organized in Maine through its numerous local clubs. Petitioner goes on to complain that the respondent did not request any information concerning the structure or other information that might be in keeping with the statute. To this argument, of course, the court would suggest a requirement on the part of the petitioner that it know the law before it makes the application. In its petition, the petitioner alleges that there is no requirement in Maine law that the NEAAU be a Maine organization to be entitled to the licenses. Unfortunately, that is not the case.

In order to be eligible for a license in either event, an organization must be founded, chartered or organized in this State. The Webster's II New Riverside University Dictionary defines "found" as "(1) to originate or establish or (2) to establish the basis of." The word "charter" means "(1) a document issued by a monarch, legislative body or other authority, creating a public or private corporation and delineating its privileges and purposes, (2) a written grant from the sovereign power of the country confirming certain rights and privileges on a person, a corporation, or the populous, (3) a document setting forth the principles, functions and organization of a corporate body, (4) an authorization from a central organization to establish a local branch or chapter." The word "organize" is defined as "(1) to organize or assemble into an orderly, structured, functional whole, (2) to give a coherent form to, to compose in a desired pattern or structure, (3) to manage or arrange systematically for united or harmonious action, (4) to establish as an organization" etc. Finally, since the word appears in other definitions, the word

6

"establish" is defined as "(1) to make secure or firm, (2) to set in a secure condition or position, (3) to cause to be recognized and accepted, (4) to found" etc.

It is clear from the plain language that while a local club may be determined to have been founded, chartered or organized in the State of Maine, the petitioner, the New England Association of the Amateur Athletic Union, Inc., is not a qualifying organization under this statute under any use of the terms.

The court would further note that it should not substitute its judgment for that of the agency in questions of fact. 5 M.R.S.A. § 11007(3) (1983). Further, this court may only reverse or modify the decision of the agency:

> If the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional statutory provisions; (2) in excess of statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by bias or error of law; (5) unsupported by unsubstantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion.

For all the foregoing reasons, the entry will be:

> The final agency action of the State of Maine, Department of Public Safety, is AFFIRMED.

August 23, 2000

Donald H. Marden
Justice, Superior Court

7

Date Filed __8/25/99__ ____Kennebec____ Docket No. __AP99-68__
County

Action __Petition for Review__
80C

# J. MARDEN

New England Association of the Amateur ᵛˢ· State of Maine, Depart. of Public Safety

Plaintiff's Attorney Athletic Union, Inc.

Dwight A. Fifield, Esq.
257 Deering Avenue
Portland, Maine 04103

Defendant's Attorney
Laura Yustak Smith AAG (12/6/99)
Donald W. Macomber, AAG
6 State House Station
Augusta, Maine 04330

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000

| Date of Entry | |
|---|---|
| 8/25/99 | Complaint for Review of Final agency Action under Rule 80C, M.R.Civ.P, filed. s/Fifield, Esq. |
| 9/2/99 | Letter entering appearance, filed. s/Macomber, AAG |
| 9/3/99 | Certified copy of record, filed. s/MacComber, AAG |
| 9/3/99 | Notice of briefing schedule mailed to attys of record. |
| 9/20/99 | Motion for extension of time to file motion for the taking of additional evidence under rule 80C(e), M..R Civ.P. filed.  s/Rundlett Esq<br>Proposed order on motion for extension of time to file motion for the taking of additional evidence filed. |
| 9/21/99 | Letter from attorney Macomber indicating no position taken on the motion for extension. |
| 9/23/99 | ORDER ON MOTION FOR EXTENSION OF TIME, Studstrup, J.<br>The time for filing of a motion to take additional evidence is extended to September 24, 1999.  `<br>Copies mailed to attys of record. |
| 9/27/99 | Motion to take additional evidence Rule 80C(e), M.R. Civ.P. filed. s/Fifield,Esq.<br>Proposed order on motion for the taking of additional evidence filed. |
| 10/13/99 | Defendant's Partial Opposition to Plaintiff's Motion for Taking of Additional Evidence, filed. s/Macomber, AAG<br>Certificate of Service, filed. s/Macomber, AAG |

Notice of setting for __12/7/99__

____ to attorneys of record.